IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ETHAN MAAG, <br><br> Plaintiff, <br><br> v. <br><br> LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., <br><br> Defendant. | Case No. 2:23-cv-1039 <br><br> Judge Graham <br><br> Magistrate Judge Deavers |

## OPINION AND ORDER

This matter is before the Court on Defendant's motion to vacate jury trial and set matter for bench trial or evidentiary hearing, Doc. 17.

### I.  Background

Plaintiff Ethan Maag alleges that his former employer, Love's Travel Stops & Country Stores, Inc., created a hostile work environment due to his disability and retaliated against him for engaging in a protected activity, both in violation of Ohio Rev. Code § 4112. Defendant moved to dismiss Plaintiff's complaint and compel arbitration, Doc. 5. The Court denied Defendant's motion, finding that "there are genuine issues of material fact relating to the existence of such an agreement . . . ." Doc. 14. The Court subsequently held a telephonic status conference, during which it set a jury trial to decide the existence of an arbitration agreement. Defendant then filed the pending motion asking that the Court vacate the jury trial and instead set the matter for either a bench trial or evidentiary hearing. Doc. 17. This matter has been fully briefed and is ripe for review.

1

## II. Analysis

As an initial matter, this Court must determine the source of Plaintiff's right to a jury trial. The right to a jury trial in a civil case may be constitutional or statutory. *See Curtis v. Loether*, 415 U.S. 189, 191-92 (1974). A constitutional right to a jury trial is preserved by the Seventh Amendment and applies only to legal claims, not equitable claims. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989). The defense of arbitrability is an equitable claim to which there is no constitutional right to a jury trial. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1347 (11th Cir. 2017); *Garren v. CVS Rx Servs., Inc.*, No. 3:17-CV-149, 2019 WL 164808, at *3 (E.D. Tenn. Jan. 10, 2019).

There is a statutory right to a jury trial on the issue of arbitrability. The Federal Arbitration Act ("FAA") provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an

>agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

9 U.S.C. § 4. Section 4 facially applies to an action in which the plaintiff filed suit for the purpose of compelling arbitration. However, courts have uniformly applied Section 4 when a defendant raises arbitrability as a defense. *See, e.g., P.J. Cheese*, 861 F.3d at 1346; *Klink v. ABC Phones of N.C., Inc.*, No. 20-CV-06276-EMC, 2021 WL 3709167, at *7 (N.D. Cal. Aug. 20, 2021).

Defendant argues that Plaintiff waived his right to a jury trial by failing to make a jury demand within the timeframe required by Section 4. Plaintiff responds that Section 4 is inapplicable and that the general jury demand in his complaint suffices.

### A. Scope of FAA

Plaintiff argues that "the FAA does not apply to disputes about the existence of an arbitration agreement."[1] Doc. 18 at 2. The basis for his argument appears to be the first sentence of Section 4: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court . . . ." 9 U.S.C. § 4. He understands the adjective "alleged" to modify "failure, neglect, or refusal" and not "written agreement." He therefore asserts that for Section 4 to apply, the existence of a written arbitration agreement must be undisputed.

Plaintiff's interpretation is unpersuasive. First, a reading of Section 4 in its entirety suggests it applies to disputes about the existence of an arbitration agreement. It provides: "'[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." A dispute about the existence of an arbitration agreement plainly falls within an issue regarding

---

[1] As explained above, the right to a jury trial on the present arbitrability dispute is created by the FAA. Were Plaintiff correct that the FAA does not apply, he would have no right to a jury trial.

3

"the making of the arbitration agreement." Moreover, courts routinely apply Section 4 to disputes about the existence of arbitration agreements. *P.J. Cheese*, 861 F.3d at 1347; *Garren*, 2019 WL 164808, at *2.

**B. Adequacy of Jury Demand**

The Court must next determine whether Plaintiff satisfied the procedural requirements for demanding a jury trial. Plaintiff included within its complaint a jury demand in accordance with Federal Rule of Civil Procedure 38(b). Defendant argues that this is not enough to get a jury trial under Section 4. It asserts that Section 4 requires Plaintiff to make a specific jury demand on the issue of arbitrability "on or before the return day of the notice of application.," here, it's motion to dismiss. As Plaintiff's response did not contain a jury demand, Defendant claims he waived his right to a jury.

Several courts have strived to square the jury demand requirements of Federal Rule of Civil Procedure 38 with Section 4. Most conclude that Section 4 completely supplants Federal Rule of Civil Procedure 38. *See, e.g., P.J. Cheese*, 861 F.3d at 1349; *Klink*, 2021 WL 709167, at 7; *Mayorga v. Ronaldo*, 491 F. Supp. 3d 840, 857 (D. Nev. Sept. 30, 2020). These courts understand Section 4 as creating specific procedures for demanding a jury for arbitrability disputes. For example, the Court in *P.J. Cheese* gave the following thorough analysis.

> The statute first sets forth who is entitled to make a jury demand on an issue related to the "making of the arbitration agreement"—the "party alleged to be in default" in proceeding under the agreement. 9 U.S.C. § 4. It then sets forth when the specific party must make its demand—"on or before the return day of the notice of application" to submit to arbitration. *Id.* Then, finally, it sets forth how a party must make its demand—with a specific "demand [for] a jury trial of such issue." *Id.* (emphasis added). In short, because Section 4 is far from "silent" on the mechanisms required to invoke the statutory right to a jury trial that it provides, its procedures displace the general jury demand procedures provided in Federal Rule of Civil Procedure 38.

4

861 F.3d at 1349. These courts therefore find that a general jury demand made pursuant to Federal Rule of Civil Procedure 38 does not invoke the Section 4 right to a jury.

At least one court has departed from this majority. The Eastern District of Tennessee found that Section 4 stops short of creating entirely new procedures for demanding a jury. *Garren*, 2019 WL 164808, at *4. It reads Section 4 as providing instruction on two discreet matters: the existence of a right to a jury and the deadline to demand a jury. *Id.* It concludes that § 4's silence on how a jury is to be demanded means that the procedural requirements of Federal Rule of Civil Procedure 38 apply. *Id.* It therefore found that a general jury demand made pursuant to Federal Rule of Civil Procedure 38 is adequate so long as it is made prior to the deadline established by Section 4. *Id.* at *7.

The Court agrees with the majority position that a general jury demand cannot invoke the Section 4 right to a jury. Section 4 is far from silent on the procedures for demanding a jury trial. It first limits the right to a jury trial to issues regarding the "making of the arbitration agreement or the failure, neglect, or refusal to perform the same . . . ." 9 U.S.C. § 4. It then provides that "[w]here such an issue is raised, the party alleged to be in default may . . . on or before the return day of the notice of application, demand a jury trial of such issue . . . ." The Court discerns four procedural requirements from the text of Section 4. First, only the party alleged to be in default may demand a jury trial. Second, the jury trial may be demanded only after "such an issue is raised." Third, the jury trial must be demanded "on or before the return day of the notice of application;" that is, on or before the response brief deadline on a motion raising 9 U.S.C. § 4. Finally, the jury demand must be specific for "such issue."

Plaintiff's general jury demand does not satisfy the procedural requirements of Section 4. His general jury demand was made by the party alleged to be in default and technically was made

5

before the response brief deadline to Defendant's motion to dismiss, in which it raised 9 U.S.C. § 4. However, it was made before 9 U.S.C. § 4 was raised and did not specifically demand a jury on the existence of an arbitration agreement. Therefore, he waived the right to a jury trial on the existence of an arbitration agreement.

### III. Conclusion

For the above reasons, Defendant's motion to vacate jury trial, Doc. 17, is **GRANTED**. The jury trial scheduled for October 10, 2023 is converted to a bench trial.

**IT IS SO ORDERED**.

                                                  s/ James L. Graham
                                                  JAMES L. GRAHAM
                                                  United States District Judge

DATE: September 28, 2023